**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| LINDA ADENIYI | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| V. | ) Cause No.:1:21-cv-3087 |
| | ) |
| THE JULIAN CENTER, INC. | ) |
| | ) |
|    Defendant, | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.   NATURE OF THE CASE

1. This is an action brought by Plaintiff, Linda Adeniyi ("Adeniyi"), by counsel, against Defendant, The Julian Center, Inc. ("Defendant") alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq.,* Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, Title VII of the Civil Rights Act ("Title VII"), U.S.C. § 2000e *et. seq.* as amended. and the Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et seq.*

### II.   PARTIES

2. Adeniyi is a resident of Marion County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 42 U.S.C. §2000e-5(f)(3), 29 U.S.C. § 626(c), 42 U.S.C. § 12117 (a), and 29 U.S.C. § 2617 (a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b), 29 U.S.C. § 630(b), 42 U.S.C. § 12111(5), and 29 U.S.C. § 2611(4).

6. Adeniyi was an "employee" as that term is defined by 42 U.S.C. §2000e(f), 29 U.S.C. § 630(f), 42 U.S.C. § 12111(4), and 29 U.S.C. § 2611(2).

7. Adeniyi satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on age, race, sexual orientation, and disability. Adeniyi received her Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; thus, venue is proper in this court.

### IV. FACTUAL ALLEGATIONS

9. Adeniyi was hired by Defendant on or about March 4, 2019, as Clinical Team Lead and Therapist in Marion County, Indiana.

10. During her time as Clinical Team Lead and Therapist, Adeniyi continually met or exceeded expectations.

11. In September 2020, Adeniyi noticed that Defendant posted a new position that listed the same duties and responsibilities as hers; specifically, it listed the position as a Clinical role. At the end of September, Adeniyi reached out to her supervisor, Jami Schnurpel, to understand more about the position. Her supervisor told Adeniyi that she would have to look into it. Shortly thereafter, Adeniyi applied for the position.

12. On or around October 8, 2020, Adeniyi reached out to the Human Resources director, Debbie Trypus, to request FMLA paperwork in order to manage her disability. Within one day, Adeniyi's supervisor told her that they needed to talk and scheduled a meeting for October 28, 2020.

13. Adeniyi never heard back from Human Resources regarding her request for FMLA paperwork.

14. On or around October 28, 2020, Adeniyi was terminated by Defendant. Defendant's stated reason for termination was a lay-off due to a lack of funding for the grant-funded position.

15. Adeniyi was not given the option to transfer to another position to avoid losing her employment.

16. Meanwhile, a recently hired clinician who was younger, Caucasian, non-disabled, and heterosexual was allowed to maintain her position.

17. Prior to Adenyi's termination, Defendant hired a clinician who was younger, less experienced, Caucasian, and non-disabled as a Manager.

18. Prior to Adenyi's termination, Defendant offered a younger, non-African American, non-disabled Manager to maintain a PRN position upon their resignation.

19. Adeniyi was contacted on or around April 21, 2021, by Brittany McCollum, Deputy Director of Survivor Services regarding the position that resembled Adeniyi's, stating that Defendant would be conducting interviews on April 26th, 27th, and 28th, 2021. Adeniyi did not reply to the contact and the position remained open until July 2021, when the position was filled by Lindsay Stout, a Caucasian female under the age of 40.

20. The Defendant's stated reason was that they lacked adequate funding to maintain Adeniyi's position. Defendant's stated reason is a pretext for discrimination based on age, race, sexual orientation, and/or actual or perceived disability.

### V. CAUSES OF ACTION

### COUNT I: ADA

21. Adeniyi hereby incorporates paragraphs one (1) through twenty (20) of her Complaint.

22. Defendant discriminated against Adeniyi on the basis of her actual or perceived disability.

23. Defendant's actions are in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

24. Defendant's actions were willful, intentional and done with reckless disregard for Adeniyi's legally protected rights.

25. Adeniyi has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: ADEA

26. Adeniyi hereby incorporates by reference paragraphs one (1) through twenty-five (25) of her Complaint as if the same were set forth at length herein.

27. Defendant discriminated against Adeniyi on the basis of her age being over 40 years of age.

28. Defendant's actions were intentional, willful, and taken in reckless disregard of Adeniyi's legal rights.

29. Defendant's unlawful actions have violated Adeniyi's rights as protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621.

30. Adeniyi has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: TITLE VII

31. Adeniyi hereby incorporates paragraphs one (1) through thirty (30) of her Complaint.

32. Defendant discriminated against Adeniyi based on her race and sexual orientation.

33. Defendant's actions were intentional, willful, and in reckless disregard of Adeniyi's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

34. Adeniyi suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: FMLA-INTERFERENCE

35. Adeniyi hereby incorporates paragraphs one (1) through thirty-four (34) of her Complaint.

36. Defendant interfered with Adeniyi's rights under the FMLA by failing to provide her with the appropriate paperwork to take leave under the FMLA, make a determination of her FMLA eligibility within the time prescribed by the Department of Labor regulations and, ultimately, failing to provide her with the requested leave.

37. Defendant's actions were intentional, willful, and in reckless disregard of Adeniyi's rights as protected by the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

38. Adeniyi suffered damages as a result of Defendant's unlawful actions.

## COUNT V: FMLA - RETALIATION

39. Adeniyi hereby incorporates paragraphs one (1) through thirty-eight (38) of her Complaint.

40. Defendant retaliated against Adeniyi for exercising her rights under the FMLA.

41. Defendant's actions were intentional, willful, and in reckless disregard of Adeniyi's rights as protected by the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*

42. Adeniyi suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

**WHEREFORE**, Plaintiff, Linda Adeniyi, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1) Reinstate Adeniyi to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Adeniyi of front pay in lieu thereof;

2) All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3) Compensation for any and all other damages suffered because of Defendant's unlawful action(s);

4) Compensatory damages for the Defendant's violations of Title VII and the ADA;

5) Punitive damages for the Defendant's violations of Title VII and the ADA;

6) Liquidated damages for the Defendant's violations of the ADEA and FMLA;

7) All costs and attorney's fees incurred as a result of bringing this action;

8) Pre- and Post-Judgement interest on all sums recoverable; and

9) All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

By: /s/ Andrew Dutkanych
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Office:        (317) 991-4765
Facsimile:     (812) 424-1005
E-Mail:        ad@bdlegal.com
*Counsel for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff, Linda Adeniyi, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

By: /s/ Andrew Dutkanych
Andrew Dutkanych
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204

Office: (317) 991-4765
Facsimile: (812) 424-1005
E-Mail: ad@bdlegal.com
*Counsel for Plaintiff*